# UNITED STATES DISTRICT COURT

for the

District of Maine

Case No. _____

| |
|---|
| JUNE COREY, an individual with a primary place of residence in the City of Guyton, County of Effingham, State of Georgia,<br>    Plaintiff<br>vs.<br><br>UNITED STATES OF AMERICA,<br>UNITED STATES POSTAL SERVICE,<br>    Defendant |

## **COMPLAINT FOR A CIVIL CASE**
*under the Federal Tort Claims Act*

1. Plaintiff June Corey seeks compensatory damages from the United States of America, United States Postal Service in accordance with the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.*, for injuries she sustained on September 8, 2020, after encountering a hazardous defect on premises which Defendant owned and/or occupied at 33 College Avenue, Waterville, Maine (the "Premises").

### **PARTIES**

2. Plaintiff June Corey ("Plaintiff") is an individual residing in the State of Georgia.

3. The United States of America, United States Postal Service ("Defendant") is made a defendant under 28 U.S.C. § 2674 and 28 U.S.C. § 1346(b), which make the United States liable for tort claims in the same manner and to the same extent as a private individual under like circumstances.

### **JURISDICTION AND VENUE**

4. Plaintiff brings this Claim under 28 U.S.C. § 1346(b) for money damages arising from personal injuries caused by the negligent and wrongful acts and omissions of employees of the government while acting in the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the place where the act or omissions occurred, per 28 U.S.C. § 2671, *et seq.*

5. The United States district courts shall have original jurisdiction over all actions brought against the Postal Service per 39 U.S.C. § 409(a); and for money damages arising from personal injury caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred per 28 U.S.C. § 1346; and for federal questions arising under the laws of the United States per 28 U.S.C. § 1331.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1402(b) because the alleged negligence and resulting damages occurred in the City of Waterville, County of Kennebec, State of Maine, which venue is within the jurisdiction of this Court.

## FACTS

7. At all times relevant to this Complaint, Defendant operated a U.S. Post Office and Federal Building from the Premises.

8. On or about September 8, 2020, at approximately 1:15 pm, Plaintiff lawfully entered the Premises to conduct business with Defendant as Defendant's invitee.

9. While walking on the Premises, Plaintiff's foot struck the edge of a tile covered by carpet in an area of uneven pavement and regular foot traffic (the "Latent Defect").

10. Plaintiff tripped over the Latent Defect and suffered personal injuries.

11. Pursuant to 28 U.S.C. 2671, *et seq.*, Plaintiff presented an Administrative Claim by for approximately $400,000 in personal injury damages by certified mail to "Chief Counsel" at the "USPS National Tort Center" on September 30, 2020.

12. Defendant has failed to make a final disposition of Plaintiff's claim within six months of that notice and is therefore deemed by Plaintiff to have finally denied her claim.

13. Six months having elapsed, all conditions precedent to the Federal Tort Claims Act have been met.

## COUNT I

14. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 13and incorporates the same herein by reference.

15. As occupiers of the Premises, Defendant owed Plaintiff a duty to exercise reasonable care in furtherance of providing reasonably safe premises for Plaintiff's reasonably foreseeable use; and further, to exercise reasonable care in furtherance of conducting activities on

the Premises so as not to enhance the risk of harm arising from reasonably foreseeable conditions on the Premises, which Plaintiff could be reasonably expected to encounter.

16. Defendant breached its duty to Plaintiff by, *inter alia*, negligently failing to exercise reasonable care in furtherance of preventing and/or mitigating the foreseeable risks associated with the Latent Defect.

17. Defendant breached its duty to Plaintiff by, *inter alia*, negligently obscuring the defect in the tiles with a carpet, thus making it more difficult for invitees to visually discern.

18. Defendant breached its duty to Plaintiff by, *inter alia*, failing to conduct reasonable inspections on the Premises to discover dangerous and/or latent conditions thereon, thus permitting a dangerous and/or latent condition to develop and persist on the Premises for an unreasonable length of time.

19. Defendant breached its duty to Plaintiff by, *inter alia,* failing to warn Plaintiff about the Latent Defect, insofar as Defendant knew or should have known that said condition existed on the Premises and that Plaintiff would encounter those conditions, under the circumstances, without a warning indicating the danger.

20. As a direct and proximate result of Defendant's negligence or the negligence of Defendant's agent(s), servant(s) or employee(s), for which negligence Defendant is vicariously liable, Plaintiff tripped on the Latent Defect and suffered significant injuries to and otherwise greatly injuring Plaintiff in mind and body.

21. Said injuries caused great pain and suffering and mental anguish to Plaintiff requiring hospitalization and medical treatment for which Plaintiff is liable financially, have caused her loss of enjoyment of life, loss of earnings, and loss of earning capacity, all of which elements of damage are of a continuing nature since the injuries are permanent in their effects.

WHEREFORE, Plaintiff June Corey prays for compensatory damages in the amount of $400,000 with respect to Count I of this Complaint against the Defendant, United State of America, United States Postal Service, plus interest and costs, and such other relief as the court may deem just and proper.

DATED at Lewiston, Maine this _18_ day of January, 2022

*/s/ Sheldon J. Tepler, Esq.*
Sheldon J. Tepler, Esq. | Bar Roll No. 2837
Attorneys for Plaintiff
HARDY, WOLF & DOWNING, P.A.
186 Lisbon Street
P.O. Box 3065
Lewiston, ME 04243-3065

## **CERTIFICATE OF SERVICE**

  I hereby certify that on  *January 18, 2022* , I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service-list in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or some other authorized manner for those counsel or parties who were not authorized to receive notices of electronic filing.

  DATED at Lewiston, Maine this  18  day of January, 2022

                */s/ Sheldon J. Tepler, Esq.*
                Sheldon J. Tepler, Esq. | Bar Roll No. 2837

## SERVICE LIST
*Corey v. USA, USPS*
United States District Court for the District of Maine

**Personal Service**
Chief Counsel, Torts, General Law Service Center
USPS National Tort Center
1720 Market Street, Room 2400
St. Louis, MO 63155-9948